UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| GLENDRICK GARDNER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 23-158-DCR |
| ) | |
| v. ) | |
| ) | |
| RISK MANAGEMENT ) | **MEMORANDUM ORDER** |
| SERVICE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Glendrick Gardner, proceeding without a lawyer, recently filed a Complaint with this Court. [Record No. 1] However, there are numerous problems with Gardner's submission, As a result, the Court will dismiss this action without prejudice.

First, Gardner did not sign his Complaint in violation of Rule 11 of the Federal Rules of Civil Procedure. Additionally, Gardner filed a form motion for leave to proceed *in forma pauperis* [*see id.* at 12-13] but his submission is entirely blank. Therefore, the Court will deny Gardner's apparent request for pauper status.

Gardner's Complaint is also subject to summary dismissal pursuant to the holding in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). While Gardner repeatedly references a work-related injury he allegedly suffered nearly seven years ago while employed by the Lexington-Fayette Urban County Government, his submission is otherwise exceedingly vague and difficult to follow. As best as the Court can determine, he is simply trying to repackage and reassert claims that have been addressed and resolved on multiple occasions. *See Gardner v. Lexington-Fayette Urban County Government, et al.,* No. 5: 21-cv-00175-DCR (E.D. Ky. Oct. 14, 2021); *Gardner v. Scott*, No. 5:20-cv-00456-JMH (E.D. Ky. Jan. 4, 2021). Notably, in Case No. 5: 21-cv-00175-DCR, the

United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment dismissing Gardner's civil rights action. *See Gardner v. Lexington-Fayette Urban County Government, et al.*, No. 21-5941, 2022 WL 1039608 (6th Cir. Mar. 9, 2022). The United States Supreme Court then denied Gardner's petition for a writ of certiorari. *See Gardner v. Lexington-Fayette Urban County Government, et al.,* No. 22-5120 (S. Ct. Oct. 3, 2022). Nevertheless, Gardner repeatedly cites these decisions in his present Complaint in an apparent attempt to relitigate an already-closed matter. That is simply not proper. *See Apple*, 183 F.3d at 479 (explaining that a federal district court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations are "no longer open to discussion.").

Accordingly, it is hereby **ORDERED** as follows:

1. Gardner's apparent request for leave to proceed *in forma pauperis* [Record No. 1 at 12-13] is **DENIED**.

2. Gardner's Complaint [Record No. 1] is **DISMISSED** without prejudice for lack of subject matter jurisdiction and this action is **STRICKEN** from the docket.

Dated: May 25, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky